UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALLE BUILDING CONDOMINIUM ASSOCIATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-4204** |
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Certain Underwriters at Lloyd's London Subscribing to Policy No. 243059's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.   (Document # 33.)

### I. BACKGROUND

Certain Underwriters at Lloyd's London (Lloyd's) issued a policy of property insurance to Walle Building Condominium Association (Walle) for 401 Tchoupitoulas Street in New Orleans, Louisiana.  The policy is subscribed to by Syndicate 33, which had 1422 individual

Names subscribing to a certain percentage of the policy at the time of the loss.[1]  The policy provided coverage limits of $3,100,000 for the building and $5,306 for contents.  The property sustained wind damage as a result of Hurricane Katrina and damage from a fire that started at a neighboring property.  Lloyd's paid Walle $17,176.67 on the wind claim and $85,077.65 on the fire claim.

When Lloyd's did not pay the full amount of the claim, Walle filed a complaint alleging breach of contract and bad faith failure to pay the wind and fire claims.  Lloyd's filed a motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. DISCUSSION

### A.  Legal standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).  "Lack of subject matter jurisdiction may be found in any one of three instances:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Id.  In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist.  Id.  "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears

---

[1] Names are the individual underwriters who are severally and personally liable on the policy.  The daily business of insurance risk is carried on by groups of Names called Syndicates.

certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id.

## B. Diversity of citizenship

Lloyd's contends that diversity of citizenship is lacking because Walle shares the same citizenship as one of the "Names" subscribing to the policy. Lloyd's further argues that the amount in controversy with respect to each of the named underwriters is less than $75,000.

"District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, and there is diversity between all parties." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." Oteeva, LP v. X-Concepts LLC, 253 Fed. Appx. 349, 350-51 (5th Cir. 2007). In this case, the plaintiff bears the burden of establishing diversity to establish federal jurisdiction. Id.

"[T]he Lloyd's market presents a unique structure for jurisdictional analysis." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 930 (2d Cir. 1998). "Lloyd's of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003). "The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's." Id. at 858. "The members or investors who collectively make up Lloyd's are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks." Id. "Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making returns

on their investment." Id. "Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter." Id. "Typically hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint." Id. "A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy." Id. "A Syndicate bears no liability for the risk on a Lloyd's policy. Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy." Id. "[W]hile an insured receives a Lloyd's policy of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk." Id. at 859. In order to meet the diversity requirement, each Name who the lead underwriter represents must be diverse. See Squibb, 160 F.3d at 939.

   Lloyd's presents the sworn declaration of Sally Dunning, a technical administrator employed by Lloyd's to support the contention that one of the individual Names participating in Syndicate 33 was a resident of the State of Louisiana on August 29, 2005, and on August 20, 2007, when Walle filed its complaint. Walle contends that the declaration is inadequate because it is not supported by the documents referred to in the declaration. Walle argues that it has requested information to determine jurisdiction, but Lloyd's has failed to produce the requested information. Lloyd's responds that courts have repeatedly accepted the sworn declaration of Sally Dunning as sufficient evidence regarding the citizenship of individuals subscribing to a particular Lloyd's policy for the purpose of determining subject matter jurisdiction based on diversity of citizenship. Further, Lloyd's states that, before Walle filed its opposition, it

produced documents which identified one "Name" subscribing to the policy who is a Louisiana resident and documentation providing the residence of that "Name."

Lloyd's document entitled "Franchise Reporting, Lloyds Underwriting Syndicates - 2005, Members' Services Unit" indicates that a "direct participant" is Hampden Agencies, Ltd. See Lloyd's exh. A at 1.  The name "C T Brown" also appears on the "Franchise Reporting" document; however, the column under which the name appears is unclear.  In a document entitled "Application for a not ordinarily resident saver to receive interest without tax taken off," the person beneficially entitled to the interest on the Hampden Agencies, Ltd. account is Christian Trousdale Brown at 416 Vincent Avenue, Metairie, Louisiana.  Id. at 2.  Lloyd's also provides a bill from Entergy, indicating a service location for Christian T. Brown at 416 Vincent Avenue, Metairie, Louisiana.  Id. at 3.  Walle does not deny that it received the documents and presents no challenge to the accuracy of these documents.  However, the court notes that Lloyd's was not forthcoming with the information and has provided only minimal evidence that one of the Names is a citizen of Louisiana.

Nonetheless, the documentary evidence, which has not been disputed, coupled with the sworn declaration of Lloyd's technical administrator, establishes that one of the Names is a citizen of Louisiana.  Thus, Walle has not carried its burden of establishing that all of "Names" who have subscribed to its policy are diverse.  Accordingly, the court lacks jurisdiction to hear the case, and Lloyd's motion to dismiss for lack of subject matter jurisdiction is granted without

prejudice.[2]  As Lloyd's acknowledged in support of its prior Motion to Stay, "[t]his dismissal will not be to the prejudice of the plaintiff who timely served its petition in this court upon Underwriters and have initiated a parallel proceeding in state court."

New Orleans, Louisiana, this   18th  day of September, 2008.

*[signature]*

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[2]  Alternatively, Walle argues that a dismissal for want of subject matter jurisdiction be without prejudice.  "The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.  See Ramming v. United States, 281 F.3d at 161.